IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PLUMBERS AND FITTERS LOCAL 101,** et al. | ) ) ) |
| **Plaintiffs,** | ) ) Case No. 22-cv-2662-SMY |
| vs. | ) ) |
| **HUBERT PLUMBING & HEATING CO., INC.,** et al., | ) ) ) |
| **Defendants.** | ) |

## ORDER AND JUDGMENT OF DEFAULT

**YANDLE, District Judge:**

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment (Doc. 22). Plaintiffs filed the instant action against Defendants Hubert Plumbing & Heating Co. and Brandon Schrage on November 14, 2022, alleging violations of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, *et seq*. and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, *et seq*. (Doc. 1). Defendants were served with a copy of the Summons and Complaint on November 22, 2022 (Doc. 5). However, Defendants failed to answer Plaintiffs' Complaint or otherwise plead, and a Clerk's Entry of Default was made on January 24, 2023 (Doc. 11).

### Factual Background

Plaintiffs assert the following allegations in the Complaint: Defendants are parties to collective bargaining agreements with Plumbers and Fitters Local Union 101 (the "Union"). Defendants employed individuals who were members of the Union during the period December 2021 to May 2024 (Doc. 23-1, pp. 1–2). The collective bargaining agreements ("CBAs") require Defendant to provide Plaintiff with written reports each month detailing hours of work

performed and wages earned by its employees and the contributions and dues that are owed to Plaintiffs (Doc. 1, p. 4).

Pursuant to the CBAs, delinquent employers are required to pay liquidated damages, interest, attorneys' fees, and court costs. Plaintiff seeks unpaid contributions, liquidated damages, interest, attorneys' fees, and costs.

## Discussion

A defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993).

When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations regarding the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). Thus, on default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, consistent with the allegations in the Complaint, Plaintiffs seek the following damages on default for the actual amount due and owing:

   a. **$9,996.07** in lost 401k earnings;

  b. **$23,991.44** in delinquent fringe benefit contributions; and

  c. **$5,375.46** in attorneys' fees and costs.

  The Court finds that the damages on default are ascertainable without the necessity of a hearing. Accordingly, Plaintiffs' Motion is **GRANTED**; Default Judgment is entered in favor of Plaintiffs and against Defendants. Plaintiffs are awarded damages on default in the amount of **$39,362.97**.

  **IT IS SO ORDERED.**

  **DATED:  January 23, 2025**

                **STACI M. YANDLE**
                **United States District Judge**